UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALVATORE J. TOSCANO,

                    Petitioner,

vs.                                 Case No.  2:03-cv-48-FtM-29SPC

BILL MCCOLLUM,  and
JAMES R. MCDONOUGH,

                    Respondents.[1]

_____

## OPINION AND ORDER

### I.

Petitioner Salvatore J. Toscana (hereinafter "Petitioner" or "Toscano"), an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on January 22, 2003.[2]  Petitioner subsequently filed an Amended Petition on March 10, 2003 (hereinafter "Petition")( Doc. #6).  Petitioner challenges

---

[1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure,  Bill McCollum, the Attorney General of Florida and James R. McDonough, the Secretary of the Florida Department of Corrections, are substituted as the proper party Respondents for James V. Crosby, Jr., and Charlie Crist.

[2]The Petition (Doc. #1) was filed in this Court on January 27, 2003; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (January 22, 2003).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

his 1997 judgment of conviction for Aggravated Battery and Trespass entered in the Twentieth Judicial Circuit, Lee County, Florida.

The Petition raises the following five grounds for relief:

1.   ineffective assistance of counsel for failing to investigate and present a defense of voluntary intoxication;

2.   ineffective assistance of counsel for failing to prepare for trial by not deposing witnesses;

3.   ineffective assistance of counsel for failing to place prospective jurors under oath prior to voir dire;

4.   ineffective assistance of appellate counsel for failing to have witnesses present at Petitioner's 3.850 evidentiary hearing;

5.   trial court error in admitting a statement of Petitioner made during custodial interrogation.

Respondents filed a Response to Petition for Writ of Habeas Corpus (hereinafter "Response')(Doc. #11), which incorporates by reference various exhibits attached thereto (Doc. #12).[3] Petitioner filed a Reply to the Response (hereinafter "Reply," Doc. #15) and supporting exhibits (hereinafter "Reply")(Doc. #16).

**II.**

On August 15, 1997, Petitioner was charged by Information in case number 97-2221 of one count of burglary of a dwelling (Count I) and one of aggravated battery (Count II).  (Exh. #1.)  After a jury trial, Petitioner was found guilty of the lesser offense of trespass (Count I) and aggravated battery (Count II). (Exh. #2.) The trial court adjudicated Petitioner guilty and sentenced him to

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Exh."

time served on the trespass count (Count I) and thirty (30) years on the aggravated battery count (Count II) due to Petitioner's status as a habitual felony offender. (Exh. #3.)

Petitioner filed a direct appeal with the Second District Court of Appeals in case number 98-01184 raising two issues: 1) whether the victim suffered "great bodily injury" as required for a conviction of aggravated battery; and 2) whether the trial court erred in admitting a statement made by the defendant during custodial interrogation about his involvement in a scuffle. (Exh. #5.) The State of Florida filed a Response. (Exh. #6.) On May 7, 1999, the state district court *per curiam* affirmed Petitioner's conviction without written opinion. (Exh. #7.) Mandate issued on May 26, 1999. (Exh. #8.)

On October 4, 1999, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 alleging violations of the Sixth and Fourteenth Amendments. (Exh. #9). Petitioner raised the following four grounds of ineffectiveness of trial counsel in his Rule 3.850 motion:

1.   defense counsel failed to develop and present the defense of voluntary intoxication;

2.   defense counsel failed to investigate and call witnesses who possessed exculpatory evidence;

3.   defense counsel failed to adequately investigate and prepare for trial by not deposing witnesses;

4.   defense counsel failed to object to prospective jurors not being placed under oath prior to voir dire.

-3-

On February 28, 2000, the trial court held an evidentiary hearing on Petitioner's Rule 3.850 motion at which Petitioner was represented by appointed counsel. (Exh. #10.)  Petitioner and his trial counsel, Mr. Ralph, were the only witnesses who testified at the evidentiary hearing.  On March 23, 2000, the trial court denied Petitioner's Rule 3.850 motion by written order. (Exh. #11.) Petitioner filed a *pro se* appeal to the Second District Court of Appeal (case number 2D00-1471) raising only one issue: whether Petitioner's Due Process rights under the Fifth Amendment were violated where court appointed post-conviction counsel did not render effective assistance. (Exh. #13.)  The State of Florida filed an response. (Exh. #14.)  On April 3, 2002, the appellate court *per curiam* affirmed the trial court's ruling without a written opinion. (Exh. #15.)  Petitioner filed a motion for rehearing, which was denied.  (Exhs. ##16-17.)  Mandate issued on June 3, 2002 (Exh. #18.)

### III.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Response at 5.  Based upon the review of the record, the Court disagrees and finds that the Petition was timely filed.

As set forth above, the trial court adjudicated Petitioner guilty consistent with the jury's verdict and sentenced him on

-5-

February 13, 1998. (Exh. #3.)  Petitioner filed a direct appeal and the appellate affirmed Petitioner's conviction without written opinion on May 7, 1999. (Exh. #7.)   Thus, Petitioner's state conviction became final on August 5, 1999 (ninety days after entry of judgment), which is <u>after</u> the April 24, 1996, effective date of the AEDPA.  <u>See</u> Rule of the Supreme Court of the United States, Rule 13.3.[4]  <u>See also</u> <u>Robbins v. Sec'y for Dep't of Corr.</u>, ___3d ___, No. 05-14992, Slip Op. (11th Cir. April 3, 2007) (in Florida, conviction is deemed "final" for AEDPA purposes on the date after the expiration of the 90 day period for seeking certiori review with U.S. Supreme Court expires (citing <u>Nix v. Sec'y for Dep't of Corr.</u>, 393 F.3d 1235, 1236-37 (11th Cir. 2004)).

**The one-year period of limitations ran for sixty (60) days** until Petitioner filed his *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 on October 4, 1999. (Exh. #9.) After an evidentiary hearing, the trial court denied Petitioner's Rule 3.850 motion on March 23, 2000. (Exh. #11.)  On April 3, 2002, the appellate court *per curiam* affirmed without a written opinion. (Exh. #15.)  Mandate issued on June 3, 2002 (Exh. #18.)  The federal one-year limitations period began to run again on June 4,

---

[4]Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

2002, the day after mandate issued on Petitioner's only filed Rule 3.850 motion.

**The one-year period of limitations ran for two-hundred and thirty three (233) days** until Petitioner, on January 22, 2003, filed his Petition in this Court.  Thus, only a total of **two-hundred and ninety three days (293) days** of untolled time elapsed since the date Petitioner's judgment became final until he filed his Petition in this Court.  Consequently, the Court finds that the Petition is timely filed and will address the grounds raised in the Petition.

**IV.**

A petitioner is restricted in his ability to use an evidentiary hearing in a federal habeas proceeding to develop facts to support his claim.  A federal evidentiary hearing is only allowed if petitioner was not at fault for failing to develop the factual bases for his claims in state court, or (if he was at fault), if the conditions prescribed by § 2254(e)(2) apply.  Bradshaw v. Richey, 126 S. Ct. 602, 605-06 (2005); Holland v. Jackson, 542 U.S. 649, 652-53 (2004).  Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A)   the claim relies on -
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

> Court, that was previously
> unavailable; or
> (ii) a factual predicate that could
> not have been previously discovered
> through the exercise of due
> diligence; and
>
> (B) the facts underlying the claim would be
> sufficient to establish by clear and
> convincing evidence that but for
> constitutional error, no reasonable factfinder
> would have found the applicant guilty of the
> underlying offense.

Even if an evidentiary hearing is not precluded by § 2254(e)(2), a federal evidentiary hearing is not required unless petitioner demonstrates that he would be entitled to habeas relief on his claim(s) if his factual allegations are proven. Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002). The Court has carefully reviewed the record herein and concludes Petitioner is not entitled to an evidentiary hearing.

## V.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y for Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA establishes a highly deferential standard of review for state court judgments. Parker v. Sec'y for Dept. of Corrections, 331 F.3d 764 (11th Cir. 2003). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal

habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  Several aspects of § 2254, as amended by the AEDPA, are relevant to reviewing this Petition.

### A.

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the ground that petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

### B.

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1301, 1308 (11th Cir. 2003).

"Clearly established Federal law" is the governing legal principle, not the *dicta*, set forth by the United States Supreme

Court at the time the state court issues its decision.  Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003); Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Brown, 544 U.S. at 141; Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005)(citations omitted).  A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Parker v. Secretary, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably

extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. <u>Brown</u>, 544 U.S. at 1439; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. <u>Mitchell</u>, 540 U.S. at 17-18; <u>Andrade</u>, 538 U.S. at 75-77; <u>Vincent</u>, 538 U.S. at 639; <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 409-10 (2000). Depending upon the legal principle at issue, there can be a range of reasonable applications. <u>Alvarado</u>, 541 U.S. at 663-64. Thus, a federal court's review is not *de novo*, but requires a showing that the state court decision is objectively unreasonable. <u>Id.</u> at 665-66.

## C.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where credibility is at issue, relief may only be granted if it was unreasonable for the state court to credit the testimony of the witness. <u>Rice v. Collins</u>, 126 S. Ct. 969, 974 (2006). Additionally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §

2254(e)(1); Miller-El v. Dretke, 125 S. Ct. 2317, 2325 (2005); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001). An ineffective assistance of counsel claim is a mixed question of law and fact, Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006), and therefore the presumption does not apply to determinations of the ineffective assistance of counsel.

### D.

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). After the AEDPA, the Strickland v. Washington, 466 U.S. 668 (1984) standard remains applicable. E.g., Bradshaw v. Richey, 126 S. Ct. 602 (2005). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir.), cert. denied, 127 S. Ct. 619 (2006). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005) (citations omitted). If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 2467 (citation omitted).

This judicial scrutiny is "highly deferential." Roe, 528 U.S. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting Strickland, 466 U.S. at 687).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Non-meritorious claims which are not raised on appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for Dep't of Corrections, 402 F.3d 1136,

## VII.

### A. Grounds One Through Three

In Grounds One through Three, Petitioner asserts that he was denied effective assistance of counsel at trial. Respondent concedes that these claims were raised in Petitioner's Rule 3.850 motion and the appeal of the denial of Petitioner's Rule 3.850 motion, and thus are exhausted. Response at 10. Petitioner was

granted an evidentiary hearing before the state court on these issues. As noted above, Petitioner must show that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 687-88.

With respect to Petitioner's first claim that defense counsel failed to investigate and present an intoxication defense, the trial court found persuasive defense counsel's testimony that he never considered an intoxication defense or even discussed it with Petitioner because Petitioner told defense counsel that he had only drank a "couple of beers" and never told counsel that he had ingested cocaine. (Exh. #11 at 3.)  Additionally, the trial court noted that the record did not support Petitioner's claim of intoxication since neither the Probable Cause Affidavit nor the Arrest Report reference any alleged intoxication of Petitioner. In fact, a handwritten "N" appears in the section of the Arrest Report entitled "Indication of Alcohol Influence". (<u>Id.</u> at 4.)  Further, the court acknowledged that Petitioner did not present any corroborating testimony to substantiate his intoxication claim at the evidentiary hearing other than his own testimony. (<u>Id.</u> at 3.)

 Consequently, in denying this Petitioner's ineffectiveness of defense counsel for failing to investigate and present an intoxication defense, the trial court concluded that:

> the evidence and record fail to prove that [Toscano] was, in fact, intoxicated to the extent alleged by [Toscano] and fail to prove that defense counsel had knowledge of [Toscano's] intoxication to the extent alleged by [Toscano]. [Toscano] failed to meet his burden, has

failed to overcome the presumption that counsel's conduct
was reasonable, and has failed to demonstrate any
reasonable likelihood that the outcome of the trial would
have been different.

Id. at 4.

Petitioner second claim alleges trial counsel was ineffective
for failing to call three witnesses (Kelly Walter, Mike DeCarlo and
Richard Boggs) to testify at trial for the defense.  In support of
his second claim, at the evidentiary hearing, Plaintiff proffered
what the testimony of the three witnesses' would have been if
called at trial.  Petitioner, however, did not produce the actual
testimony of the three witnesses at the evidentiary hearing.
Petitioner claimed that both Mr. DeCarlo and Mr. Boggs would have
testified to Petitioner's intoxication and his state of mind the
evening of the incident, and Ms. Walter's testimony would have been
that she had not been told by anyone that Petitioner had cheated on
her, the apparent reason for Petitioner attacking the victim.
Trial counsel, Mr. Gray, testified that he called two other
witnesses in Petitioner's defense at trial. He stated that he did
not recall Petitioner ever telling him that either Mr. Decarlo or
Mr. Boggs were potential witnesses, and he thinks he would have
remembered because he personally knows Mr. DiCarlo.  Mr. Gray
testified that he decided not to call Ms. Walters because "she
wasn't at the scene where the actual aggravated battery took
place," and therefore he, "felt it wasn't relevant to call her."
(Id. at 5.)

In denying this Petitioner's second claim of ineffectiveness of trial counsel for failing to call the three witnesses at trial, the trial court concluded:

> based on [Toscano's] own testimony as to the limited content of each potential witnesses' testimony, and being cognizant of the fact that Defendant has failed to prove that defense counsel was ineffective in not pursuing a voluntary intoxication defense, the Court finds that [Toscano] has failed to meet his burden, has failed to overcome the presumption that counsel's conduct was reasonable, and has failed to demonstrate any reasonable likelihood that the outcome of the trial would have been different.

(Id. at 6.)

Petitioner's third claim of ineffectiveness of trial counsel stems from counsel's failure to conduct any pretrial depositions. Mr. Gray states that he did not take any deposition because: 1) Petitioner's family did not want to pay the $500.00 for the cost of the depositions; and 2) Petitioner did not waive his speedy trial rights and depositions would have delayed the matter. Further, Mr. Gray testified that he objected at trial to any testimony not produced in discovery. Petitioner claimed that his family was willing to pay for the deposition, but did not produce any family witnesses at the evidentiary hearing to attest to this matter.

After hearing all the evidence, the trial court denied Petitioner's third claim of ineffectiveness for failing to conduct pretrial depositions and found that:

> the evidence and record fail to prove that defense counsel was ineffective as defined by Strickland. [Toscano] has failed to meet his burden, has failed to overcome the presumption that counsel's conduct was

reasonable, and has failed to demonstrate any reasonable
likelihood that the outcome of the trial would have been
different.

(Id. at 7.)

With respect to each of Petitioner's three claims of
ineffectiveness of trial, the trial court set forth the correct
standard of review for an ineffective assistance of counsel claim.
The record supports the trial court's findings on Petitioner's
three claims of ineffectiveness of trial counsel.  Petitioner has
not shown either that the state court misapplied the Strickland
standard or that the trial court's application of the Strickland
was objectively unreasonable.  Consequently, the Court concludes
that Petitioner is not entitled to habeas relief on Grounds One
through Three of the Petition.

## B. Ground Four

In Ground Four, Petitioner argues that John Mills, post-
conviction appellate counsel who represented Petitioner at the
evidentiary hearing, was ineffective in failing to call the
witnesses Petitioner had identified to testify at his evidentiary
hearing.  Petitioner first raised this issue to the Second District
Court of Appeal after the trial court denied Petitioner's rule
3.850 motion.  As pointed out by Respondent, Petitioner does not
have a Sixth Amendment right to counsel in post-conviction
collateral proceedings.  Coleman v. Thompson, 501 U.S. 722, 755
(1991); Pennsylvania v. Finley, 481 U.S. 551 (1987).   The Sixth

-18-

Amendment's right to counsel attaches at trial and on direct appeal. Id. at 555; Hill v. Jone, 81 F.3d 1015, 1024 (11th Cir. 2004). Consequently, this ground is not subject to federal review and will be denied.

### C. Ground Five

In Ground Five, Petitioner claims that the trial court erred in permitting into evidence Petitioner's statement made to Officer Brock in violation of Petitioner's Miranda[5] rights. Petitioner raised this issue on direct appeal. The district court *per curiam* affirmed Petitioner's conviction implicitly rejecting any trial court error. Generally, a "state court's summary, which is to say unexplicated, rejection of the federal constitutional issues qualifies as an adjudication under § 2254(d) so that it is entitled to deference." Isaacs v. Head, 300 F.3d 1232 (11th Cir. 2002)(citing Wright v. Sec'y for Dep't of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002)). However, whether Petitioner was in custody is a mixed question of law and fact and is not entitled to the statutory presumption of correctness accorded state court decisions under 28 U.S.C. § 2254 (e). The Court, nonetheless, must give deference to unrebutted findings of fact made by the trial

---

[5]Established in Miranda v. Arizona, 384 U.S. 436, 478 (1966), the Fifth Amendment right attaches to protect a defendant from making a self-incriminating statement during his arrest or interrogation that may be used against him in subsequent criminal legal proceedings.

court.   See Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001).

During the trial, Officer Brock, in response to defense counsel's cross examination, testified that he saw scratches on Toscano's neck and acknowledged that a picture shown to him by defense counsel accurately reflected the marks he saw on Toscano's neck the night of the incident.  (Exh. #19 at 139, lines 12-25.) On re-direct, over defense's objection, Officer Brock testified that Toscano told him that he received the scratches from "a scrape earlier that evening" but did not elaborate as to who made the scratches.  (Id. at 140, lines 1-18.)

Defense counsel moved for a Richardson[6] hearing, arguing that the state had not produced Toscano's statement regarding the scratch marks during discovery.  The Court, after excusing the jury, conducted the Richardson hearing.  The state admitted that they did not disclose the statement because they only recently learned of the statement at lunch.  (Id. at 142-144, lines 14-7.) Further, the state pointed out that it was the defense who initially asked the witness about the scratches and the state did not put Toscano's statement in on the state's case in chief. (Id. at 144.)  The trial court found that a discovery "violation ha[d]

_____

[6]Richardson v. State, 246 So.2d 771 (Fla. 1971).  A Richardson hearing is held to determine whether the state committed a discovery violation in violation of the Florida Rules of Criminal Procedure.  In particular, Fla. R. Crim Proc. 3.220(b)(1)(C) requires the state to divulge to the defense the substance of any oral statements allegedly made by the defendant.

taken place" but found that it was not "intentional" and was "insubstantial." (Id.)   In order to cure any possible prejudice, the trial court then permitted defense counsel to depose Officer Brock as to the circumstances regarding the statement.  Officer Brock testified that Toscano was not in custody and was free to leave at the time he made the statement.  He explained that Toscano was asked "if he wanted to stick around while [they] conducted [their] investigation to determine what happened and he voluntarily decided he wanted to stay." (Id. at 145-146.)  Defense counsel then moved for exclusion of the statement based upon the Fifth Amendment.

> Upon further questioning from the court, Office Brock stated:
>
> When I first made contact with [Toscano] and I saw the mark on his neck, I saw what I thought to be signs of injury, so I asked him, I said, "Are you okay?"
> And he looked at me and said, "this?"
> And I said, "Yes."
> And he said, "That happened in a scuffle earlier tonight."
> He was not specifically asked any question about his involvement.

(Id. at  148-49, lines 17-25, 1-5.)   Further, Officer Brock testified that at the time he asked Toscano about the scratches he was not aware that the victim claimed that she had scratched Toscano on the neck.   The trial court denied defense counsel's motion and found that "there was not a violation of [Petitioner's] Fifth Amendment rights."   Rather, the court determined that the statement was a "spontaneous statement, not being [sic] pursuant to

any custodial interrogation" and, therefore the court deemed the statement "admissible." (Exh. 19 at p. 151, lines 5-17.)

The U.S. Supreme Court defines "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." <u>Miranda</u>, 384 U.S. at 478. "General 'on-the-scene-questioning' . . . concerning the facts and circumstances surrounding a crime or other general questioning of citizens during the fact-finding process do not trigger Miranda warnings." <u>Garcia v. Singletary</u>, 13 F. 3d 1487, 1489 (11th Cir. 1994). Statements of any nature that are made freely or voluntarily to law enforcement and are not compelled are thus admissible as evidence. <u>Miranda</u>, <u>Id.</u>

Based upon the foregoing, the Court finds that Petitioner has failed to establish that the trial court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the Court finds Petitioner is not entitled to habeas relief based upon Ground Five of the Petition.

Therefore, it is now

**ADJUDGED:**

1. The case is **DISMISSED** with prejudice.

    2.    The Clerk of the Court shall enter judgment accordingly and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida, on this   10th   day of April, 2007.

                                                   JOHN E. STEELE
                                                 United States District Judge

SA: hmk
Copies: All Parties of Record